**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS COZORT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No.  6:23-cv-03202-MDH |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss, to Strike, or Alternatively for Summary Judgment.  (Doc. 4).  The motion is fully briefed and ripe for review.

## BACKGROUND

Plaintiff filed his Complaint on July 10, 2023, alleging he engaged in various incidents of protected activity, as statutorily defined by the whistleblower-protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109.  Plaintiff further alleges Defendant took actions to reprimand, suspend, terminate, or in some other way discriminate against Plaintiff in retaliation for his protected activity.

Specifically, Plaintiff's Complaint alleges the following:  On or about March 12, 2022, Plaintiff was engaged in the course and scope of his employment for Defendant as a locomotive engineer and suffered an injury when the engine he was operating hit a patch of rough track. Plaintiff states he reported the rough track hazard and his injury to Defendant. Plaintiff then continued to operate the engine until completion of his tour of duty. Plaintiff subsequently filled out the paperwork required by Defendant to report the hazard and injury. Plaintiff informed Defendant that he would be taking a leave of absence from work to receive treatment for his injury.

1

On March 30, 2022, Defendant issued Plaintiff a notice of investigation. On August 9, 2022, Defendant subjected Plaintiff to an on-property investigation at the depot in Thayer, Oregon County, Missouri. Finally, on August 11, 2022, Defendant terminated Plaintiff's employment. In addition, Plaintiff claims Defendant identified information on Plaintiff's employment record that created a potential for blacklisting.

Plaintiff alleges Defendant's decisions to reprimand, suspend, discriminate against, and/or terminate Plaintiff were due, in whole or in part, to his engagement in protected activity. Plaintiff's claims are based in part on the temporal proximity between the protected activities and the adverse action; the failure to take similar action against similarly situated employees who had not reported an injury or hazard; and Defendant's intent to target and unlawfully discriminate against other employees who have reported hazards and/or injuries.

Defendant's motion argues additional facts beyond what Plaintiff alleges in the Complaint. Defendant states Plaintiff reported a workplace incident and Defendant reviewed in-cab camera footage from that date. Specifically, Defendant states while working as an engineer in the cab of a controlling locomotive, Plaintiff used his personal electronic device while a crew member was performing safety-sensitive duties on the ground. Defendant states this is prohibited by Defendant's safety rules and by federal regulations promulgated by the Federal Railroad Administration. Defendant states on August 5, 2022, the parties entered into a Release and Settlement Agreement. Defendant contends the Agreement bars Plaintiff's claims, including his claim for termination in retaliation for his reports.

On August 9, 2022, a hearing was conducted on Plaintiff's alleged misuse of a personal electronic device. This hearing occurred after the execution of the Release and Agreement. Defendant states this hearing established Plaintiff violated several rules and as a result Plaintiff

2

was terminated on August 11, 2022.  Plaintiff filed his FRSA Complaint with OSHA on November 21, 2022.

The parties disagree about what was reported to OSHA.  However, taking Plaintiff's allegations as true, a review of the OSHA Complaint filled out by Plaintiff (through his attorney) shows he reported discrimination and retaliation for reporting rough track, an accident caused by the rough track, and an injury.  Plaintiff further alleges after Defendant received this report they tried to find a basis to terminate Plaintiff.

## STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. On a motion to dismiss, the court must accept as true all of the factual allegations in the complaint and draw reasonable inference in Plaintiff's favor. See, e.g., *Welch v. Union Pac. R.R. Co.*, No. 16-00431-CV-WODS, 2016 WL 4154760, at *1 (W.D. Mo. Aug. 4, 2016) (citing *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008)).

## DISCUSSION

To state a claim under the FRSA, Plaintiff must prove that "(i) he engaged in protected activity; (ii) Defendant knew or suspected, actually or constructively, that he engaged in protected activity; (iii) he suffered an adverse action; and (iv) the circumstances raise an inference that the protected activity was a contributing factor in the adverse action." *Gunderson v. BNSF Railway Company*, 850 F.3d 962, 968 (8th Cir. 2017). "The exhaustion requirement may be satisfied if the civil claim grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Foster v. BNSF Railway Company*, 866 F.3d 962, 966 (8th Cir. 2017) (citations omitted). The subsequent civil claim can be "as broad as the scope of any investigation

3

that reasonably could have been expected to result from the initial charge of discrimination." *Id.* "[A]dministrative complaints are interpreted liberally[.]" *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). The Eighth Circuit has repeatedly held that exhaustion does not preclude additional allegations where the additional allegations are like or reasonably related to the allegations set forth in the charge to the agency. *Jones v. City of St. Louis*, 825 F.3d 476, 482 (8th Cir. 2016).

Here, Defendant argues that Plaintiff has not exhausted his administrative remedies. Defendant states the following allegations have not been exhausted: (1) Plaintiff reported a hazardous safety concern, (2) Plaintiff suffered adverse action in the form of denial of medical benefits, (3) Plaintiff suffered adverse action in the form of the March 30, 2022 notice of investigation, (4) Plaintiff suffered adverse action in the form of the investigation hearing, and (5) Plaintiff suffered adverse action in the form of potential blacklisting as a result of these events. The Court has reviewed the allegations set forth in Plaintiff's Complaint and finds he has pled enough to survive a motion to dismiss. Plaintiff's allegations, if taken as true, state a claim that clearly is like, or reasonably related to, the allegations Plaintiff initially raised in his OSHA complaint.

Defendant's motion to dismiss is also based, in part, on a Release Agreement signed by Plaintiff. Defendant alleges Plaintiff released "any and all causes of action" that was "capable of being brought under the Federal Rail Safety Act (FRSA) and or 49 U.S.C. § 20109 ("Whistleblower")…" The Release Agreement was executed on August 5, 2022. Plaintiff was terminated on August 11, 2022. Defendant argues Plaintiff was dismissed because while on probation for previous misconduct he committed a serious safety rule violation. However, this a factual dispute that the Court cannot rule on at this time and the motion to dismiss is denied.

4

Further, Defendant then contends that OSHA found in Defendant's favor and dismissed Plaintiff's underlying complaint and that Plaintiff signed a Release. Here, Plaintiff signed the release and *then* was terminated. The Court disagrees with Defendant's argument that Plaintiff waived his right to bring a claim based on an adverse employment action that occurred after this agreement was entered into. The Court finds no basis to discuss in depth the parties' citations to the case law in support of their arguments. The Court has read the parties' arguments, and cases in support of their positions, and finds that at this time Plaintiff's claims will be allowed to proceed.

Finally, Defendant's "alternative" motion for summary judgment is untimely. The Court makes no determination on whether Plaintiff may ultimately prevail on his claims, however for the reasons set forth herein the motion to dismiss is denied. Further, the Court is not persuaded, at this time, that Plaintiff could release a claim for wrongful termination 6 days *prior* to being terminated. Defendant's arguments regarding the procedural background of this case, the prior complaints, and the basis for Plaintiff's termination can be raised at a later time. However, Plaintiff has certainly pled enough to survive a motion to dismiss and conduct further discovery on his claims.

## CONCLUSION

Wherefore, the Court hereby **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

DATED: February 20, 2024

                               */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**